IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-140

 Filed: 1 October 2019

Office of Administrative Hearings, No. 18 OSP 03853

SHAUNNA L. CARLTON, Petitioner,

 v.

UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, Respondent.

 Appeal by Petitioner from final decision entered 28 August 2018 by Judge

Donald W. Overby in the Office of Administrative Hearings. Heard in the Court of

Appeals 18 September 2019.

 Law Office of Shiloh Daum, by Shiloh Daum, for Petitioner-Appellant.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Vanessa
 N. Totten, for Respondent-Appellee.

 DILLON, Judge.

 Petitioner Shaunna L. Carlton is an employee of Respondent University of

North Carolina at Chapel Hill (“UNC”). She was terminated, but then reinstated

with back pay. Notwithstanding her reinstatement, she commenced a contested case

in the Office of Administrative Hearings (“OAH”). The OAH dismissed her case, and

she appeals this dismissal to our Court.

 I. Background
 CARLTON V. UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL

 Opinion of the Court

 Ms. Carlton was employed by UNC as a Human Resources Consultant for

approximately fifteen (15) years with no history of discipline. In January 2017, Ms.

Carlton sought and was approved for medical leave due to a temporary disability.

 In June 2017, shortly after Ms. Carlton’s return, she was dismissed from her

position as a Human Resources Consultant. Ms. Carlton timely filed a grievance.

 On 23 May 2018, UNC reinstated Ms. Carlton. Specifically, at the conclusion

of an internal grievance process, UNC issued a Final University Decision, finding

“that there was not just cause to support the disciplinary decision of dismissal,” but

“that there was not sufficient evidence to support [Ms. Carlton’s] claim that [her]

dismissal was based on [her] disability.” In so finding, UNC “reverse[d] the dismissal

and reinstate[d Ms. Carlton] to employment[.]”

 Despite her reinstatement, Ms. Carlton filed a Petition for Contested Case

Hearing with the OAH, citing to a lack of progress “in the reinstatement process[.]”

UNC motioned to dismiss her Petition for lack of subject matter jurisdiction, lack of

personal jurisdiction, and for failure to state a claim.

 The OAH issued a Final Decision Order of Dismissal (“Final Decision”),

dismissing Ms. Carlton’s contested case with prejudice for lack of both subject matter

jurisdiction and personal jurisdiction. Ms. Carlton timely appealed the Final

Decision.

 II. Analysis

 -2-
 CARLTON V. UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL

 Opinion of the Court

 On appeal, Ms. Carlton argues that the OAH erred in concluding that it lacked

jurisdiction over the matter. We disagree.

 We review the Final Decision using two different standards: questions of law

are reviewed de novo and questions of fact are reviewed under the whole record test.

N.C. Dep’t of Env’t & Natural Res. v. Carroll, 358 N.C. 649, 659, 599 S.E.2d 888, 894

(2005).

 Section 126-34.01 governs the process by which “[a]ny State employee having

a grievance arising out of or due to the employee’s employment” should follow. N.C.

Gen. Stat. § 126-34.01 (2018). Essentially, a State employee must seek informal

resolution through internal channels before seeking review from the OAH. Id.; see

also N.C. Gen. Stat. § 126-34.02.

 Section 126-34.02 identifies six grounds for which an employee may bring a

“contested case[] after completion of the agency grievance procedure and the Office of

State Human Resources review[.]” N.C. Gen. Stat. § 126-34.02(b) (listing

discrimination or harassment, retaliation, just cause, veteran’s preference, failure to

post or give priority consideration, and whistleblower as grounds to “be heard as

contested cases”).

 Here, we note that Ms. Carlton’s initial grievance arose out of alleged

discrimination and dismissal without just cause as contemplated in Section 126-

34.02(b)(1). But we also note that Ms. Carlton obtained a result in her favor on this

 -3-
 CARLTON V. UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL

 Opinion of the Court

issue at the conclusion of the informal grievance process. Ms. Carlton, though, seeks

review of the “implement[ation]” of the Final University Decision. This issue is not

one set out in our General Statutes for the OAH to resolve. N.C. Gen. Stat. § 126-

34.02(b); N.C. Gen. Stat. § 126-34.02(c) (“Any issue for which an appeal to the Office

of Administrative Hearings has not been specifically authorized by this section shall

not be grounds for a contested case hearing.”).1

 Further, in dismissing Ms. Carlton’s contested case, the OAH also denied Ms.

Carlton’s request for attorneys’ fees. Such a denial was proper.

 Subsection (e) of Section 126-34.02 allows the OAH to “award attorneys’ fees

to an employee where reinstatement or back pay is ordered[.]” N.C. Gen. Stat. § 126-

34.02(e). However, as the OAH did not order any remedy, but rather dismissed Ms.

Carlton’s contested case, this statute does not permit the OAH to award attorneys’

fees. Id. Moreover, prior to filing a contested case hearing with the OAH, Ms. Carlton

had already been reinstated and awarded back pay through UNC’s internal grievance

procedure.

 III. Conclusion

 1 Ms. Carlton’s proper avenue for implementation and performance of the Final University
Decision is to file a claim for specific performance with the trial court. See McLean v. Keith, 236 N.C.
59, 71, 72 S.E.2d 44, 53 (1952) (“Ordinarily, a court of equity will decree specific performance of a valid
contract[.]”).

 -4-
 CARLTON V. UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL

 Opinion of the Court

 We conclude that the OAH did not err in dismissing Ms. Carlton’s contested

case. Likewise, we conclude that the OAH properly denied Ms. Carlton’s request for

attorney’s fees.

 AFFIRMED.

 Judges TYSON and BROOK concur.

 -5-